Joseph A. Cox, S.
This is an application for the appointment of a principal income beneficiary as cotrustee of the trust created under the testator’s will. Petitioner is the widow of the testator and the income beneficiary of 60% of the residuary trust with a power of appointment over the remainder. The remaining 40% income beneficiaries are the testator’s three sisters, with remainder to them and their issue. They consent to the granting of this application.
Paragraph third of the will named the present trustee and a corporate trustee and gave them very complete powers and full authority to deal with the business as they, in their sole discretion, deemed advisable and to terminate the trust, in their discretion. The corporate trustee refused to act and the individual trustee has been duly appointed and is now acting in that capacity. Under the provisions of section 168 of the Surrogate ’s Court Act the court has the power to appoint a successor cotrustee unless such appointment would contravene the express terms of the will. Paragraph third of the will not only appoints the two trustees and gives them broad powers but contains this sentence: ‘ ‘ All powers, rights and privileges granted herein to my executors and trustees shall pass to and he exercisable by the survivor of them.” No provision is contained in the will other than the above and a fair reading of that indicates that the testator did not have in mind an appointment of a successor in the event that one of the nominated trustees failed to qualify. Although section 168 no longer mentions that the Surrogate must find a need, making it a necessity for the appointment of a successor the eases decided after the change in the statute indicate that there must be a need for necessity for the appointment or it will not be made. Of course the court in its discretion could appoint a successor cotrustee if it felt that there would be a further protection of the assets of the trust or that the rights of the beneficiaries would be protected to a greater extent. The widow has been appointed secretary of the corporation, the stock of which is the res of the trust. She has also been appointed vice chairman of the board of directors. The court sees no reason, in this case, why it should exercise discretion in the present trust estate (Restatement, Trusts, § 108; Goldstein v. Trustees of Sailors’ Snug Harbor, 277 App. Div. 269; Matter of Folsom, 155 N. Y. S. 2d 140).
In view of the above, and, in the exercise of the Surrogate’s discretion, the application is in all respects denied.
Submit order on notice accordingly.